**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID HALL, et al., | : | Case No. 2:16-CV-00330 |
| | : | |
| Plaintiffs | : | Judge Sargus |
| | : | |
| vs. | : | Magistrate Judge Deavers |
| | : | |
| U.S. CARGO AND COURIER SERVICE, LLC. | : | |
| | : | |
| | : | |
| Defendants | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS AND COLLECTIVE CLAIMS IN THEIR SECOND AMENDED COMPLAINT**

COMES NOW Defendant U.S. Cargo and Courier Service, LLC (herein referred to as "U.S. Cargo") by and through its undersigned legal counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and moves this Court to dismiss Plaintiffs' putative class and collective actions contained in their Second Amended Complaint as set forth herein for failure to state a claim upon which relief can be granted. U.S. Cargo makes this motion on the following grounds which are further supported by the attached Memorandum in Support.

1. Plaintiffs' class and collective action claims brought under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq. ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA") in their Second Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs waived their rights to proceed in a class or collective fashion and because Plaintiffs are inadequate representatives of the purported class and collective.

2. U.S. Cargo's Motion to Dismiss is supported by the Plaintiffs' Second Amended Complaint and the following Exhibits incorporated by reference in the Second Amended Complaint:

    a. Exhibit A: Plaintiff David Hall and U.S. Cargo's Independent Contractor Agreement dated October 13, 2013.

    b. Exhibit B: Plaintiff Dustin Bryan and U.S. Cargo's Independent Contractor Agreement dated August 4, 2015.

    c. Exhibit C: Plaintiff Nicholas Thompson and U.S. Cargo's Independent Contractor Agreement dated October 22, 2013.

    d. Exhibit D: Plaintiff David Hall and U.S. Cargo's Independent Contractor Agreement dated May 18, 2012.

    e. Exhibit E: Plaintiff David Hall and U.S. Cargo's Independent Contractor Agreement dated March 25, 2013.

    f. Exhibit F: Plaintiff Dustin Bryan and U.S. Cargo's Independent Contractor Agreement dated August 7, 2012.

WHEREFORE, U.S. Cargo respectfully requests that this Court grant this Motion and dismiss Plaintiffs' class and collective actions in the Seconded Amended Complaint with prejudice, and grant other and further relief as the Court deems necessary.

                      Respectfully submitted,

                      */s/ Jeffrey N. Lindemann*
                      Jeffrey N. Lindemann (0053073)
                      FROST BROWN TODD LLC
                      10 West Broad Street, Suite 2300
                      Columbus, Ohio 43215
                      Telephone: (614) 464-1211
                      jlindemann@fbtlaw.com

*/s/ James F. Glunt*
James F. Glunt (admitted pro hac vice)
REED SMITH
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone: (412) 288-4121
jglunt@reedsmith.com

*Counsel for Defendant U.S. Cargo and Courier Service*

## **MEMORANDUM IN SUPPORT**

1. **PRELIMINARY STATEMENT**

Plaintiffs David Hall, Dustin Bryan, and Nicholas Thompson each freely executed an Independent Contractor Agreement with Defendant U.S. Cargo and Courier Service, LLC ("U.S. Cargo"), waiving their rights to participate in a class or collective action for disputes that may arise out of those agreements. Yet, contrary to those operative agreements, Plaintiffs now allege class claims under the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act and collective claims under the Fair Labor Standards Act disputing their classification as independent contractors as agreed upon in their Independent Contractor Agreements.

This Court should dismiss Plaintiffs' purported class and collective claims brought for the first time in their Second Amended Complaint for two reasons. First, the Plaintiffs waived their right to participate in class or collective action claims. Second, from a procedural perspective, Plaintiffs cannot adequately represent the individuals they seek to include in their suggested class or collective action.

2. **FACTUAL ALLEGATIONS AND BACKGROUND**

Plaintiffs Hall, Bryan, and Thompson are former contract delivery drivers for U.S. Cargo. *Plaintiffs' Second Amended Complaint ("SAC")*, ¶ 1. On April 13, 2016, Plaintiff Hall commenced the instant action by filing a six-count complaint (the "Complaint") against U.S. Cargo. Doc. 1. Plaintiff asserted causes of action based on his purported misclassification as an independent contractor. The Complaint included claims asserted under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"). With the Court's permission, Plaintiff Hall filed his First Amended Complaint on August 22, 2016, *see* Doc. 18, and filed his Second Amended Complaint on November 1, 2017, adding Plaintiffs Bryan and Thompson and asserting class and collective

claims on behalf of all individuals "who have performed or currently perform delivery services for the Defendant as delivery drivers within the State of Ohio . . . and who have not been paid the statutory minimum and/or overtime wage." *SAC*, ¶¶ 66 and 72.

As referenced in Plaintiffs' SAC, Plaintiffs Hall, Bryan, and Thompson each entered into contracts with U.S. Cargo for the purpose of providing services as delivery drivers. *SAC*, ¶ 2. Copies of the most recent contracts signed by Plaintiffs are attached as Exhibits A, B, and C. The most recent contract signed by Plaintiff Hall, through MD Freight, LLC, is dated October 13, 2013. Ex. A. The most recent contracts signed by Plaintiff Bryan (through Bryans Logistics) and Thompson (individually) are dated August 4, 2015 and October 22, 2013, respectively. Ex. B and C. In these most recent contracts, Plaintiffs and U.S. Cargo mutually agreed to the following:

> <u>Venue</u>: Any dispute or interpretation arising out of or pursuant to this Agreement shall be the subject of a lawsuit filed in Franklin County, Ohio. The Parties expressly agree to subject themselves to personal jurisdiction in any such court, and to accept service of process by certified mail. ***The parties further agree to waive all rights to a jury trial, or certification of a class action, in conjunction with any such lawsuit***.

Ex. A, ¶ 18, Ex. B, ¶ 18, and Ex. C, ¶ 18.

Although these contracts were not attached to the SAC, the Court should consider the documents and their clear terms, because they govern the parties' rights and are necessarily deemed to be incorporated by reference in the complaint for purposes of ruling on this motion to dismiss. *See Frazzitta v. Cheryl L. Venarge Tr.*, No. 5:16-cv-746, (N.D. Ohio Mar. 22, 2017); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007).

In addition, Plaintiffs Hall and Bryan entered into prior contracts containing different terms—most notably lacking a class waiver clause.  Copies of those prior contracts are attached as Exhibits D, E, and F.

Plaintiffs now bring this lawsuit on behalf of themselves and purportedly on behalf of a class of similarly situated drivers disputing their agreed upon classification as independent contractors and alleging to be employees of U.S. Cargo.  *SAC*, ¶¶ 8-57, 65-105.

## 3. STANDARD OF REVIEW

In evaluating a motion under Fed. R. Civ. P. 12(b)(6), the Court should not accept legal conclusions as true, nor should it accept conclusory allegations that the claims' elements have been satisfied.  *See Ashcroft v. Iqbal*, 556 U.S. 662 , 678 , 129 S. Ct. 1937 , 173 L. Ed. 2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 , 555 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007).  The allegations of the complaint must rise above the speculative level and be plausible on their face.  *Twombly*, 550 U.S. at 555 , 558.  The Sixth Circuit recently held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and all well-pled facts in the complaint must be accepted as true.  *Savoie v. Martin*, 673 F.3d 488 , 492 (6th Cir. 2012) (citations omitted).

Aside from being appropriate to dismiss the individual claims, a motion to dismiss can also challenge class certification based solely on the allegations in the complaint.  *See, e.g., Durham v. Cincinnati Children's Hosp. Med. Ctr.*, No. 1:15-cv-438 (S.D. Ohio July 25, 2017); *Schilling v. Kenton County*, 2011 U.S. Dist. LEXIS 8050 , at \*11-12 (E.D. Ky. Jan. 27, 2011). To dismiss a complaint based on the failure to properly plead class allegations, the moving party has the burden of demonstrating from the face of the plaintiffs' complaint that it will be

impossible to certify the class as alleged, regardless of the facts plaintiffs may be able to prove. *Id*.

**4.    ARGUMENT**

Plaintiffs waived their right to participate in a class or collective action proceeding in disputes arising out of their Independent Contract Agreement with U.S. Cargo and, therefore, Plaintiffs' putative class and collective claims contained in the SAC should be dismissed. Further, Plaintiffs Hall, Bryan, and Thompson are inadequate representatives of the purported class or collectives because individualized questions of law and fact overwhelm the common issues in this case and Plaintiffs themselves cannot represent a class or collective because they are not a member of the group they seek to represent since they have waived such a right.

(a)    **The Parties Entered Into An Enforceable Independent Contractor Agreement Waiving Their Rights to Pursue Class and Collective Actions.**

This Court should dismiss Plaintiffs' purported class and collective action claims brought for the first time in their Second Amended Complaint alleging violations of the FLSA, Ohio Wage Act, and OPPA because Plaintiffs Hall, Bryan, and Thompson each entered into an Independent Contractor Agreement within which they waived their right to proceed on a class action basis for any disputes arising from the substance of said agreements. Ex. A, ¶ 18, Ex. B, ¶ 18, and Ex. C, ¶ 18.

Plaintiffs and U.S. Cargo freely entered into an enforceable independent contractor agreement, which Plaintiffs admit and incorporate by reference in their SAC. *SAC*, ¶ 2.[1] When the terms in a contract are clear, a court must give effect to all parts of a written contract, if this can be done in accordance with the express intent of the parties. *See Padula v. Wagner*, 37

---

[1] Nowhere in the Plaintiffs' SAC do Plaintiffs allege that the Independent Contractor Agreements were unenforceable because of issues in inducement or for unconscionability. *See SAC*.

N.E.3d 799, 807, *appeal not allowed*, 2015-Ohio-5468, ¶ 21.  The Independent Contractor Agreements each state that Plaintiffs agree to "waive all rights to a jury trial, or certification of a class action" with regard to disputes arising from their Independent Contractor Agreements.  *See* Exhibits A-C.  Despite the clear import of the class action waiver contained in these agreements, Plaintiffs now seek to represent a class and/or collective action under the FLSA, Ohio Wage Act, and OPPA on behalf of all individuals "who have performed or currently perform delivery services for the Defendant as delivery drivers within the State of Ohio . . . and who have not been paid the statutory minimum and/or overtime wage."  *SAC*, ¶¶ 66 and 72.  The Plaintiffs' class and collective action claims, therefore, should be dismissed with prejudice.

U.S. Cargo anticipates Plaintiff will challenge the validity of their class waiver clause (even though Plaintiffs fail to allege the agreements are unenforceable in the SAC).  Regardless, numerous courts have upheld the validity of class action waivers outside of arbitration clauses in the Ohio Wage Act, OPPA, or FLSA context.  *See, e.g., Kubischta v. Schlumberger Tech Corp.*, No. 15-1338 (W.D. Pa. July 14, 2016) (holding that class action waiver is enforceable under the FLSA, the Ohio Wage Act, and OPPA) citing *Korea Week Inc. v. Got Capital, LLC*, 2016 U.S. Dist. LEXIS 69646 , 2016 WL 3049490 (E.D. Pa. May 27, 2016) (upholding a class action waiver in a contract between the parties that did not include a corresponding arbitration provision); *Delaney v. FTS Int'l Servs., LLC*, No. 4:16-cv-662 (M.D. Pa. Jan. 20, 2017) (holding "as a matter of law, that employees can waive their ability to participate in collective action litigation, as long as individual employees maintain the individual capacity to vindicate their rights"); *Serrano v. Globe Energy Service, LLC*, No. 15-cv-00170, 2016 U.S. Dist. LEXIS 188027 (W.D. Tex. Mar. 3, 2016) (unpublished) (holding that an FLSA collective action waiver was valid and enforceable when signed by the plaintiff in connection with an Employee

Handbook and an "Acknowledgment of Mutual Waiver of Jury Trial and Mutual Waiver of Class/Collective Action."); *Mazurkiewic v. Clayton Homes, Inc*., 971 F. Supp. 2d 682 (S.D. Tex. 2013) (holding collective action waiver contained in an employment application to be valid).

U.S. Cargo anticipates that Plaintiffs will refer the Court to the Sixth Circuit Court of Appeals' decision in *Killion v. KeHE Distributors, LLC*, where the court held that an FLSA collective action waiver contained in a release agreement with no arbitration provision was unenforceable. 761 F.3d 574 (6th Cir. 2014), *cert denied*, 135 S. Ct. 1745, 191 L. Ed. 2d 703 (2015). U.S. Cargo anticipates that Plaintiffs will argue that because the Independent Contractor Agreements here do not involve an arbitration clause, the Court should not enforce the class action waiver. The reasoning, however, that the court in *Killion* provided—that it was the strong policy in favor of the Federal Arbitration Act that served as the basis for upholding collective action waivers under the FLSA, and without that strong policy, a collective action waiver should not be enforced—has been challenged by several courts that declined to follow such reasoning.

The Northern District of California, in *Benedict v. Hewlett-Packard Company*, stated that it found the Sixth Circuit's decision in *Killion* "unpersuasive" because "other circuits have found waivers enforceable not because of the strong policy in favor of the FAA, but rather … because the FLSA's text, scheme, and legislative history reveal that the FLSA does not set forth a non-waivable substantive right to a collective action." 2016 WL 1213985, *1 - *6 (N.D. Cal. March 29, 2016) (enforcing FLSA collective action waiver contained in severance agreement that did not contain arbitration provision). As a result, court held that "no substantive—or non-waivable—right is in danger of being lost" and enforced the waiver. *Id.* at *4.

The Western District of Virginia, in *Feamster v. Compucom Systems*, *Inc.,* and the Southern District of New York, in *Mark v. Gawker, LLC*, have both declined to follow *Killion* as

well. *Feamster v. Compucom Systems*, *Inc.*, 2016 WL 722190, at *3 (W.D. Va. Feb. 29, 2016) (finding cases that hold that the FLSA's text, legislative history, and purpose and that there was no congressional command that precludes the enforcement of collective action waivers more persuasive); *Mark v. Gawker, LLC*, 2016 WL 1271064, at *6 (S.D.N.Y. March 29, 2016) (noting that Second Circuit has held that the FLSA does not contain a policy against allowing waivers of the right to proceed collectively and, as a result court could not follow *Killion*) (citing *Sutherland v. Ernst & Young, LLP*, 726 F.3d 290 (2d Cir. 2013); *See also, Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052-53 (8th Cir. 2013) (noting the collective action procedure itself undermines any notion of a "substantive right" to proceed as a group, stating: "Even assuming Congress intended to create some 'right' to class actions, if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as well.").

Indeed, the trend amongst courts considering this issue is against the reasoning and outcome in *Killion*. The *Killion* court also reasoned that the concern with allowing class and collective action waivers "is that 'an employer could circumvent the [FLSA's] requirements—and thus gain an advantage over its competitors—by having its employees waive their rights under the Act.'" *Killion*, 761 F.3d 574, 579 (6th Cir. 2014) quoting *Boaz v. FedEx Customer Information Services, Inc.*, 725 F.3d 603, 605 (6th Cir. 2013). But with the proliferation of agreements containing class and collective action waivers being enforced by courts in the Second, Third, Fourth, Fifth, Eighth, Ninth, and Eleventh Circuits and the Sixth Circuit (so long as there is an arbitration clause), the persuasiveness of *Killion* is lost because U.S. Cargo's competitors may require FLSA claims brought on a non-collective basis. *See, e.g., Colley v. Scherzinger Corp.*, No. 1:15-cv-720, 2016 U.S. Dist. LEXIS 68574, 2016 WL 2998111 , at *5-7 (S.D. Ohio May 25, 2016); *See also Feamster*, 2016 WL 722190, at *3 (W.D. Va. Feb. 29,

2016); *Mark*, 2016 WL 1271064, at *6 (S.D.N.Y. March 29, 2016); *Owen*, 702 F.3d 1050, 1052-53 (8th Cir. 2013); *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326 (11th Cir. 2014).

Even if this Court finds the *Killion* reasoning still applicable and persuasive, the present matter is distinguishable from *Killion* for two reasons. First, the *Killion* plaintiffs brought only collective claims under the FLSA, 761 F.3d 574, 579 (6th Cir. 2014), but the Plaintiffs here have asserted both a putative FLSA collective action claim and a putative state class action claim for Ohio Wage Act and OPPA. *SAC*, ¶¶ 66 and 72. There are no Ohio courts that have held that class waivers under the Ohio Wage Act or the OPPA are unenforceable, and the only court to consider this issue, in the context of these statutes, held that class action waivers are enforceable under the Ohio Wage Act and OPPA. *Kubischta*, No. 15-1338 (W.D. Pa. July 14, 2016). Second, the *Killion* plaintiffs signed a release following the termination of their employment as salesmen that purported to prevent the *Killion* plaintiffs from suing their former employer *at all*. 761 F.3d 574, 579 (6th Cir. 2014). The Independent Contractor Agreements here do not contain such a broad prohibition on Plaintiffs Hall, Thompson, and Bryan's rights to bring suit under the FLSA. *Id.*; Exhibits A-C. Indeed, Plaintiffs have the opportunity to vindicate their rights in this litigation without the class or collective action, rendering this situation factually distinguishable from the *Killion* release.

(b) **Plaintiffs Are Inadequate Class and Collective Action Representatives.**

Plaintiffs Hall, Bryan, and Thompson are inadequate representatives of the purported class or collectives they allege. There are individualized questions of law and fact that overwhelm the common issues of this case. And Plaintiffs themselves cannot state a claim for class or collective action because they have waived such a right.

The named Plaintiff must be a typical and adequate class representative. Fed. R. Civ. P. 23(a)(3) and (4). This requirement is meant to ensure that there are no conflicts of interest

between the named plaintiff and the putative class. *See, e.g., Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506 , 523 n.37 (N.D. Ohio 2008). Plaintiffs here define the putative class as "all individuals who have performed or currently perform delivery services for the Defendant as delivery drivers within the State of Ohio . . . and who have not been paid the statutory minimum and/or overtime wage." *SAC*, ¶¶ 66 and 72. But Plaintiffs here have entered into multiple independent contractor agreements over a period of time with differing terms on material issues, particularly on the class and collective action waiver issue, which require an individualized analysis. *See* Exhibits D-F.

As pled, the putative class may have also entered into various contracts with various terms, or no agreement at all. Plaintiffs' class and collective action claims as pled cannot proceed because Plaintiffs Hall, Bryan, and Thompson are unable to plead that the class waiver issue currently faced by Plaintiffs is typical to the class or collective. *See, e.g., Britts v. Steven Van Lines, Inc.*, No. 1: 15 CV 1267 (N.D. Ohio Feb. 27, 2017). Further, as pled, the Plaintiffs here may not proceed under the FLSA collective action or the state class action or both, which renders them inadequate representatives of portions of the class that may proceed under both or one of those categories depending upon whether they have entered into any agreement or the terms of the agreement entered into.

Finally, if a plaintiff cannot state a claim himself (which they cannot here), he cannot be an adequate fiduciary to represent unnamed plaintiffs. *Durham*, No. 1:15-cv-438 (S.D. Ohio July 25, 2017). Rather than allowing this case to proceed with the burdens and distractions of class and collective action litigation, the Court should dismiss the class and collective action claims now, and allow the individual claims to proceed through discovery and rulings on the merits.

5. **CONCLUSION**

For the foregoing reasons, U.S. Cargo respectfully requests that the Court dismiss the class and collective claims in Plaintiffs' SAC.

        Respectfully submitted,

*/s/ Jeffrey N. Lindemann*
Jeffrey N. Lindemann (0053073)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
jlindemann@fbtlaw.com

*/s/ James F. Glunt*
James F. Glunt (admitted pro hac vice)
REED SMITH
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-4121
jglunt@reedsmith.com

*Counsel for Defendant U.S. Cargo and Courier Service*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

        */s/ Jeffrey N. Lindemann*
        Jeffrey N. Lindemann (0053073)

0137495.0654053   4837-6691-8999v1

- 14 -