UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALL, DUSTIN BRYAN, AND NICHOLAS THOMPSON, | : : : | Case No. 2:16-CV-00330 |
| Plaintiffs, | : : | Chief Judge Edmund A. Sargus, Jr. |
| vs. | : : : | Magistrate Judge Elizabeth Preston Deavers |
| U.S. CARGO AND COURIER SERVICE, LLC, | : : : : | |
| Defendant. | : : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT SEEKING
DISMISSAL OF COUNT III OF THIRD AMENDED COMPLAINT**

In Count III of the Third Amended Complaint (Doc. 98), Plaintiffs David Hall ("Plaintiff Hall"), Dustin Bryan ("Plaintiff Bryan"), and Nicholas Thompson ("Plaintiff Thompson") (jointly referred to as "Plaintiffs") seek relief under the Ohio Prompt Pay Act ("OPPA"). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant U.S. Cargo and Courier Service, LLC ("Defendant" or "U.S. Cargo") seeks entry of summary judgment in its favor as to this claim, for the reasons set forth below.[1]

---

[1] References to record evidence in this Memorandum are provided in the corresponding Appendix of Discovery Record Evidence. Doc. 105.

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986)...............................................................................................................3

*Campbell-Ewald Co. v. Gomez*,
 136 S. Ct. 663 (2016)............................................................................................................4

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)...............................................................................................................3

*Fridrich v. Seuffert Constr. Co. Inc.*,
 No. 86395, 2006 WL 562156 (Ohio Ct. App. Mar. 9, 2006) ..............................................4, 5

*Haines & Co. v. Stewart*,
 No. 2000CA00138, 2001 WL 166465 (Ohio Ct. App. Feb. 5, 2001) .....................................4

*Jones v. Select Indus. Corp.*,
 No. 3:04-CV-152, 2006 WL 1705201 (S.D. Ohio June 16, 2006).........................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) ..............................................................................................................3

*O'Brien v. Ed Donnelly Enter., Inc.*,
 575 F.3d 567 (6th Cir. 2009) .................................................................................................4

*Street v. J.C. Bradford & Co.*,
 886 F.2d 1472 (6th Cir. 1989) ...............................................................................................3

*Terry v. Pro-Mark Contracting, LLC*,
 CASE NO. 1:14 cv 2542, 2016 WL 3421399 (N.D. Ohio June 22, 2016) ............................4

**Federal Rules**

Fed. R. Civ. P. 56..........................................................................................................................3

**Statutes**

Ohio Rev. Code § 4113.15...................................................................................................2, 3, 4

I. INTRODUCTION

Plaintiffs' claims for relief under the OPPA cannot proceed as a matter of law because the OPPA does not apply to disputed wages. Defendant vehemently disputes that any wages are or ever were due to Plaintiffs, as Plaintiffs were properly compensated as independent contractors, not employees, during the time when they provided services to U.S. Cargo. That classification of Plaintiffs as independent contractors, not employees, is the central issue in dispute in this litigation. It is not, however, something the Court has to resolve for purposes of this motion for summary judgment. Regardless of whether the Plaintiffs were independent contractors, or employees, Defendant disputes and has disputed at all times throughout this action that any wages of any kind or nature are due to Plaintiffs. Therefore, by its plain language, the OPPA does not apply. Accordingly, Defendant requests that this Court enter summary judgment in its favor and against Plaintiffs as to Plaintiff's claims for relief under the OPPA (Count III), with prejudice. This Motion does not address any other claims set forth in the Third Amended Complaint (Doc. 98), does not seek dismissal of the case as a whole, and does not require the Court to determine the ultimate issue in dispute regarding whether Plaintiffs were independent contractors or were employees.

II. SUMMARY OF UNDISPUTED MATERIAL FACTS

The following facts are not in dispute, and are material to this motion.

Plaintiffs are former delivery drivers of U.S. Cargo. Doc. 98 at ¶ 1. On February 4, 2019, Plaintiffs filed a Third Amended Complaint in which they brought statutory and common law claims against Defendant for purported misclassification of Plaintiffs as independent contractors rather than employees. Doc. 98. In Count III of the Third Amended Complaint, Plaintiffs assert a claim for "Violation of the OPPA." *Id.*

Plaintiffs allege that the OPPA requires that Defendant pay Plaintiffs all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month, pursuant to Ohio Rev. Code § 4113.15(A).  *Id.* at ¶ 86.  Further, Plaintiffs allege that Plaintiffs "were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work."  *Id.* at ¶ 87.

Plaintiffs' counsel shared a draft of the proposed Third Amended Complaint with Defendant's counsel before filing.  In a letter dated January 31, 2019, Defendant's counsel gave feedback to Plaintiffs' counsel addressing the OPPA claim, among others, in a good faith effort to avoid involving the Court in summary judgment proceedings.  *See* Ex. A (January 31, 2019 Letter to Plaintiffs' Counsel).  Despite receipt and acknowledgment of this letter, Plaintiffs filed the Third Amended Complaint without alteration from the draft form sent to Defendant.  Doc. 98.  Because Plaintiffs did not incorporate Defendant's feedback, Defendant reasserts the arguments set forth in the letter to Plaintiffs' counsel, among others, today.  Ex. A (January 31, 2019 Letter to Plaintiffs' Counsel).

At all times, Defendant has disputed that Defendant owes any of the Plaintiffs any wages, of any kind or nature.  Doc. 101 ¶¶ 26, 32, 36.  Indeed, Defendant has never classified nor treated Plaintiffs like employees, but rather contracted with Plaintiffs as independent contractors to aid U.S. Cargo in providing services to its customers.  *See* Ex. B (Whitman Dep. 75:15-79:8); Ex. C (Lutey Dep. 15:11-21, 66:14-22).  The undisputed fact that Defendant disputes its obligation to pay any of the Plaintiffs any wages of any kind or nature is all that matters to the Court for purposes of this motion.

### III. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law dictates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 248 (1986). The court may grant summary judgment where the only dispute is over facts that do not affect the outcome of trial. *Id.* There is no genuine issue of material fact where, after adequate time for discovery, a defendant demonstrates that a plaintiff has failed to present sufficient evidence to establish an essential element of his case on which he bears the burden of proof at trial. *Celotex Corp. v. Catrett.* 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the court must look beyond the pleadings to determine whether there is a need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the court must construe all facts in favor of the non-moving party, the mere "scintilla of evidence" in support of the non-moving party's case is insufficient to overcome summary judgment. *Liberty Lobby*, 477 U.S. at 252-55 (citations omitted). If no reasonable jury could return a verdict for the non-moving party, a motion for summary judgment should be granted. *Id.* at 252; *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### IV. ARGUMENT

    **A. Plaintiffs' Claims under the OPPA are Facially Defunct as to All Plaintiffs Because the OPPA Does Not Apply to Disputed Wages.**

Plaintiffs' allegations regarding the violations of the OPPA fail as a matter of law because the OPPA does not apply to disputed wages. *See* Ohio Rev. Code § 4113.15. In other words, the OPPA does not provide for liquidated damages where the parties dispute purportedly owed wages,

as the Parties vehemently dispute the wages here. Because Plaintiffs have failed to establish an essential element of their claims under the OPPA, their claim must fail as a matter of law.

In relevant part, the OPPA states:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable ***and no contest[,] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment,*** the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

Ohio Rev. Code § 4113.15(B) (emphasis added). As the statute makes explicitly clear, an employer is not liable to an employee for liquidated damages where the wage claim is in dispute.

The United States Court of Appeals for the Sixth Circuit, Ohio federal district courts, and the Ohio Courts of Appeals have consistently held that a plaintiff is not entitled to liquidated damages under the OPPA where the employer disputes the wage claim. *See e.g., O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 577 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) ("Ohio law requires that a dispute accounting for nonpayment precludes the award of liquidated damages to a wage claimant."); *Terry*, 2016 WL 3421399, at *6 ("The [Ohio] Prompt Pay Act…does not apply to disputed wages."); *Jones v. Select Industries Corp.*, No. 3:04-CV-152, 2006 WL 1705201, at *6 (S.D. Ohio June 16, 2006) ("[W]here the employer disputes the wage claim, no liquidated damages are due.") *Fridrich v. Seuffert Const. Co. Inc.*, No. 896395, 2006 WL 562156, at *4 (Ohio Ct. App. Mar. 9, 2006) (denying Plaintiff's claim for liquidated damages when there where the employer disputed it was required to pay an employee vacation at termination); *Haines & Co. v. Stewart*, No. 2000CA00138, 2001 WL 166465, at *3 (Ohio Ct. App. Feb. 5, 2001) (denying Plaintiff's claim

for liquidated damages where employer disputed commissions constituted "wages" under the OPPA).

Even if a court subsequently finds a plaintiff to be entitled to overtime wages, that conclusion is not determinative as to whether a wage dispute existed. *See* 2006 WL 562156, at *4. The simple fact that parties contest wages is enough to prohibit an award of liquidated damages under the OPPA. *See id.* In *Fridrich v. Seuffert Construction Co. Inc.*, for example, the Ohio Court of Appeals affirmed the trial court's decision not to award liquidated damages even though it found that the plaintiff may be entitled to vacation pay. 2006 WL 562156 at *4. In its holding, the Court stated:

> The fact that we have found that Fridrich is entitled to unused vacation pay *if* he is found to be a salaried office employee is not determinative as to whether a dispute was actually present. Here, a dispute existed as to whether Seuffert Construction's vacation policy required the payout for unused vacation days. Since an actual dispute existed as to Fridrich's unused vacation pay, we find Seuffert Construction is not liable for liquidated damages.

*Id.* (emphasis in original).

Here, the fact of the dispute over unpaid wages is undisputed, and is all that matters. The Court need not see the ultimate controversy present in this litigation (contractor classification) through all the way to resolution first, before dismissing the OPPA claims. U.S. Cargo fervently disputes that Plaintiffs are entitled to any of the wages claimed in this lawsuit, as Plaintiffs were properly classified as independent contractors who are not entitled to overtime wages under federal and Ohio law. U.S. Cargo has consistently denied that Plaintiffs were ever its employees. *See e.g.,* Doc. 101 ¶¶ 26, 32, 36; Ex. C (Lutey Dep. 15:11-21). Plaintiffs' entire wage claim is dependent on this classification dispute. Doc. 98. Since the record evidence establishes that there is an actual dispute over Plaintiffs' entitlement to wages, the Plaintiffs cannot obtain relief under

the OPPA. It simply does not apply. Accordingly, this Court should grant U.S. Cargo's motion for partial summary judgment on the OPPA claim.

V. **CONCLUSION**

Accordingly, the record supports entry of partial summary judgment in favor of Defendant and against Plaintiffs Hall, Bryan, and Thompson as to their claim for relief under the OPPA, with prejudice.

Dated: February 22, 2019

Respectfully submitted,

/s/ *Chalyn M. Kaufman*
Chalyn M. Kaufman (*pro hac vice*)
James F. Glunt (*pro hac vice*)
Christopher S. Bouriat (*pro hac vice*)
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3179/4121/4119
ckaufman@reedsmith.com
jglunt@reedsmith.com
cbouriat@reedsmith.com

Jeffrey N. Lindemann (0053073)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
jlindemann@fbtlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ *Chalyn M. Kaufman*
Chalyn M. Kaufman (*pro hac vice*)