UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID HALL, DUSTIN BRYAN, AND NICHOLAS THOMPSON, | : : : | Case No. 2:16-CV-00330 |
| Plaintiffs, | : : : | Chief Judge Edmund A. Sargus, Jr. |
| vs. | : : : | Magistrate Judge Elizabeth Preston Deavers |
| U.S. CARGO AND COURIER SERVICE, LLC, | : : : : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION SEEKING SUMMARY JUDGMENT REGARDING PLAINTIFF THOMPSON**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant U.S. Cargo and Courier Service, LLC ("Defendant" or "U.S. Cargo"), through its undersigned counsel, files this Memorandum in Support of its Motion for Summary Judgment regarding all claims asserted by Plaintiff Nicholas Thompson ("Plaintiff Thompson"). For the reasons set forth below, Defendant requests entry of judgment in its favor against Plaintiff Thompson as to all of his claims for relief set forth in the Third Amended Complaint (Doc. 98).[1]

---

[1] References to record evidence in this Memorandum are provided in the corresponding Appendix of Discovery Record Evidence. Doc. 108.

# **TABLE OF AUTHORITIES**

                                                                                                      Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................4

*Camp St. Mary's Ass'n of W. Ohio Conference of the United Methodist Church*
    *Inc. v. Otterbein Homes*,
    889 N.E.2d 1066 (Ohio Ct. App. 2008) ..................................................................10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..................................................................................................5

*Claeys v. Gandalf, Ltd.*,
    303 F. Supp. 2d 890 (S.D. Ohio 2004) ............................................................6, 7, 8

*Ferguson v. Owens*,
    459 N.E.2d 1293 (Ohio 1984) ................................................................................10

*HAD Enters. v. Galloway*
    948 N.E.2d 473 (Ohio Ct. App. 2011) ...............................................................9, 10

*Hambleton v. R.G. Barry Corp.*,
    465 N.E.2d 1298 (Ohio 1984) ..................................................................................9

*Herman v. Palo Grp. Foster Home, Inc.*
    183 F.3d 468 (6th Cir. 1999) ....................................................................................8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ..................................................................................................5

*McCarthy v. Ameritech Pub., Inc.*,
    763 F.3d 469 (6th Cir. 2014) .............................................................................9, 10

*Poston ex rel. Poston v. Shelby-Love*,
    95 N.E.3d 659 (Ohio Ct. App. 2017) ....................................................................10

*Street v. J.C. Bradford & Co.*,
    886 F.2d 1472 (6th Cir. 1989) .................................................................................5

*Terry v. Pro-Mark Contracting, LLC*,
    CASE NO. 1:14 cv 2542, 2016 WL 3421399 (N.D. Ohio June 22, 2016) ..............6

*Wuliger v. Mfrs. Life Ins. Co.,*
  567 F.3d 787, 799 (6th Cir. 2009) ...................................................................................9

**Federal Rules**

Fed. R. Civ. P. 56 ...............................................................................................................4

**Statutes**

Ohio Rev. Code § 2305.11................................................................................................5, 7

Ohio Rev. Code § 4111.01, *et seq.* ......................................................................................5

Ohio Rev. Code § 4113.15..................................................................................................7

29 U.S.C. § 255(a) ..........................................................................................................7, 8

I.  **INTRODUCTION**

This Court should enter judgment in favor of Defendant U.S. Cargo and against Plaintiff Thompson as to the entirety of his claims for four reasons. First, Thompson's claims fall outside of the two year statutory limitations period for the Ohio Wage Act ("OWA"), and accordingly, fail as a matter of law. Second, Thompson's allegations regarding violations of the Ohio Prompt Pay Act ("OPPA") fail as a matter of law because the OPPA does not apply to disputed wages. Third, Thompson's claims fall outside of the two year statutory limitations period for the federal Fair Labor Standards Act ("FLSA"), and Thompson cannot demonstrate on the record that Defendant's conduct was "willful," extending the FLSA statutory limitations period to three years. Therefore, Plaintiff Thompson's claims under the FLSA fail as a matter of law. Lastly, the common law claims set forth by Thompson should not move forward given that his underlying statutory claims cannot survive. Thus, Plaintiff Thompson's catch-all common law claims should be dismissed.

Considering all of the evidence in a light most favorable to Thompson, he is unable to establish facts to support any of his claims for relief as set forth in the Third Amended Complaint. Plaintiff Thompson, therefore, should be dismissed from this case with prejudice.

II.  **SUMMARY OF UNDISPUTED MATERIAL FACTS**

   A.  **Undisputed Procedural History**

On April 13, 2016, Plaintiff David Hall ("Plaintiff Hall") commenced this action against U.S. Cargo, alleging violations of the FLSA and OWA. Doc. 15. With the Court's permission, Plaintiff Hall filed his First Amended Complaint on August 22, 2016, adding disability-related claims arising under the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA"). Doc. 16.

After Plaintiff Hall filed his First Amended Complaint, two former U.S. Cargo independent contractors, Plaintiffs Dustin Bryan ("Plaintiff Bryan") and Thompson, notified Plaintiffs' counsel that they wanted to join the case. *See* Ex. A (Thompson Dep. 8:13-25). On March 17, 2017, Plaintiff Hall requested permission from the Court to amend the First Amended Complaint by adding Plaintiffs Bryan and Thompson as Named Party Plaintiffs. Doc. 22. Hall also asked permission to add putative collective action and class action claims. *Id.* On November 1, 2017, Plaintiffs filed a Second Amended Complaint against Defendant. Doc. 32.

On November 29, 2017, Plaintiffs filed a Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs pursuant to the FLSA. Doc. 41. On December 20, 2017, U.S. Cargo filed its Opposition to Plaintiffs' Motion for Conditional Certification, denying that the proposed drivers were similarly situated. Doc. 47. This Court granted Plaintiffs' Motion for Conditional Certification, and permitted Plaintiffs to send notification to the putative collective action members. Doc. 53. Upon the issuance of notice of the lawsuit, twenty-three former independent contractor drivers (as well as Hall, Bryan, and Thompson) filed consent opt-in forms to become Party Plaintiffs to this action.

After the close of discovery, the Parties stipulated that the plaintiffs are not similarly situated pursuant to the FLSA. Doc. 99. Because the opt-in Plaintiffs are not similarly situated, the Parties stipulated to decertification of the conditionally certified FLSA collective action and dismissal of the Party Plaintiffs without prejudice, excluding named Plaintiffs Hall, Bryan, and Thompson. *Id.* This Court granted the Parties' Stipulation of Decertification and Partial Dismissal Without Prejudice on February 22, 2019. Doc. 102. Plaintiffs filed an unopposed motion for leave to amend the Second Amended Complain, which this Court granted, removing their class action claims. Docs. 96, 97.

### B. Undisputed Facts as to Third Amended Complaint

On February 4, 2019, Plaintiffs Hall, Bryan, and Thompson filed their Third Amended Complaint in individual capacities, in which they brought statutory and common law claims against Defendant for purported misclassification of Plaintiffs as independent contractors rather than employees. Doc. 98. Plaintiffs assert seven claims for relief in their Third Amended Complaint: (I) Violation of the FLSA; (II) Overtime Violations of the OWA; (III) Violation of the OPPA; (IV) Unjust Enrichment; (V) Disability Claims as to Plaintiff Hall; (VI) Retaliation Claims as to Plaintiff Hall; and (VII) Constructive Trust and other Equitable Relief. *Id.* On February 19, 2019, Defendant answered the Third Amended Complaint, denying all of Plaintiffs' substantive claims, and asserting defenses. Doc. 101.

Plaintiffs' counsel shared a draft of the proposed Third Amended Complaint with Defendant's counsel before filing. In a letter dated January 31, 2019, Defendant's counsel gave Plaintiffs' counsel feedback regarding the claims set forth in the Third Amended Complaint in a good faith effort to avoid summary judgment. Ex. B (January 31, 2019 Letter to Plaintiffs' Counsel). Despite receipt and acknowledgment of this letter, Plaintiffs filed the Third Amended Complaint without alteration from the draft form in which it was sent to Defendant. Doc. 98. Because Plaintiffs did not incorporate Defendant's feedback, Defendant reasserts the same arguments in this and other summary judgment motions. Ex. B (January 31, 2019 Letter to Plaintiffs' Counsel).

### C. Undisputed Facts as to Plaintiff Thompson

Plaintiff Thompson is a former contract delivery driver for U.S. Cargo. *See* Ex. C (Thompson Independent Contractor Agreement). Thompson entered into only one Independent Contractor Agreement to provide services for U.S. Cargo, effective October 22, 2013. *See id.*

Thompson understood and desired to enter into an agreement with U.S. Cargo to be an independent contractor. Ex. A (Thompson Dep. 123:16-22). At all times, Defendant has denied that Plaintiff Thompson and the other named Plaintiffs were classified or treated as employees. Ex. D (Lutey Dep. 15:11-21); Ex. E (Whitman Dep. 75:15-79:8, 83:13-25, 96:2-19, 97:23-102:14); Ex. F (Hammel Dep. 16:20-17:6, 74:20-75:18).

Plaintiff Thompson testified that he provided services for U.S. Cargo in September or October 2013 through June 2014. Ex. A (Thompson Dep. 121:14-122:1). This testimony is consistent with Plaintiff Thompson's Independent Contractor Agreement with U.S. Cargo, which provides an October 22, 2013 effective date. Ex. C (Thompson Independent Contractor Agreement). Plaintiff Thompson further testified that he did not provide services for U.S. Cargo after June 2014. Ex. A (Thompson Dep. 175:11-20, 202:12-203:17). In the Third Amended Complaint, Plaintiffs allege that "Plaintiff Thompson worked as a delivery driver for US Cargo out of the terminal in Columbus, Ohio from approximately July 2013 to approximately September 2014." Doc. 98 at ¶ 13.

III. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law dictates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 248 (1986). The court may grant summary judgment where the only dispute is over facts that do not affect the outcome of trial. *Id.* There is no genuine issue of material fact where, after adequate time for discovery, a defendant demonstrates that a plaintiff has failed to present sufficient evidence to establish an essential

element of his case on which he bears the burden of proof at trial. *Celotex Corp. v. Catrett.* 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the court must look beyond the pleadings to determine whether there is a need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the court must construe all facts in favor of the non-moving party, the mere "scintilla of evidence" in support of the non-moving party's case is insufficient to overcome summary judgment. *Liberty Lobby*, 477 U.S. at 252-55 (citations omitted). If no reasonable jury could return a verdict for the non-moving party, a motion for summary judgment should be granted. *Id.* at 252; *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

IV. **ARGUMENT**

All of Plaintiff Thompson's claims for relief set forth in the Third Amended Complaint fail as a matter of law. Thompson's statutory claims clearly fall outside the two year statutory limitations period under the alleged Ohio and federal law. Therefore, the claims for violations under the OWA and FLSA need not proceed to trial, and can be ruled upon now. Because these statutory claims alleged by Thompson fail as a matter of law, the catch-all common law claims that are predicated on these underlying claims must fail as well.

A. **Plaintiff Thompson's Claims for Overtime Wages under the OWA are Time-Barred by the Two Year Statutory Limitations Period.**

The statute of limitations for the OWA, Ohio Rev. Code § 4111.01, *et seq.*, is two years, ***without exception for willful violations***. *See* Ohio Rev. Code § 2305.11(A). Section 2305.11(A) provides that "[a]n action . . . by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued."

- 5 -

*See also Claeys v. Gandalf, Ltd.*, 303 F .Supp. 2d 890, 893 (S.D. Ohio 2004) ("Ohio law provides for a two year statute of limitations for claims based upon unpaid overtime compensation, but does not provide for an extension in the case of a willful violation by the employer."); *Terry v. Pro-Mark Contracting, LLC*, CASE NO. 1:14 CV 2542, 2016 WL 3421399, at *5 (N.D. Ohio June 22, 2016) ("Under Ohio's overtime pay statute…the statute of limitations is two years, with no exception for willful violations."). Because the OWA does not provide an exception for willful violations like its federal counterpart, the Fair Labor Standard Act ("FLSA"), "a plaintiff's state law claims may be barred even though his federal claims are not." *Claeys*, 303 F. Supp. 2d at 893.

Plaintiffs allege in the Third Amended Compliant that Plaintiff Thompson stopped providing services for U.S. Cargo in "approximately September 2014." Doc. 98. Applying this date from Plaintiffs' Third Amended Complaint as the starting point for the statutory limitations period, Plaintiff Thompson's two-year OWA limitations period expired as of September 2016. *See* Ex. G (Thompson Statutory Limitations Period Timeline). Looking at the evidence in a light most favorable to Thompson, the earliest date on which he tolled the running of any and all statutory limitations periods on his claims against Defendant, to the extent such limitations periods had not already expired, is **March 17, 2017**. That is the date when Plaintiff Hall filed a motion with the Court asking for leave to add Plaintiff Thompson's claims to this civil action (as well as other proposed changes, including addition of Plaintiff Bryan). Doc. 22. Of course, Thompson had the option to file his own individual lawsuit at any time, but chose not to do so. A more legally appropriate date to consider for tolling of Thompson's claims would be November 1, 2017. This is the date when Thompson's claims against Defendant were first on file with the Court, in the form of Plaintiffs' Second Amended Complaint. Doc. 32.

Unfortunately for Thompson, it doesn't matter whether the operative date under consideration is March 17, 2017 or November 1, 2017. His two-year OWA limitations period expired as of September 2016, which is well before both dates. Ex. G (Thompson Statutory Limitations Period Timeline). Although he could have taken action sooner, Thompson delayed taking any action sufficient to toll his statutory limitations period until after it expired. Thus, Thompson's OWA claim falls outside the statutory limitations period, even using the dates most favorable to Thompson. Ohio Rev. Code § 2305.11(A).

### B. Plaintiff Thompson's Claims under the OPPA Fail as a Matter of Law Because the OPPA Does Not Apply to Disputed Wages.

The OPPA, Ohio Rev. Code § 4113.15(B), does not apply to disputed wages, and therefore, Plaintiff Thompson's claims fail as a matter of law. Defendant incorporates by reference its contemporaneously filed Motion for Summary Judgment Seeking Dismissal of Count III of the Third Amended Complaint (Doc. 103), and all associated papers in support, as if set forth fully herein.

### C. Plaintiff Thompson's Claims under the FLSA are Time-Barred by the Two Year Statutory Limitations Period.

Similar to Ohio law, the FLSA generally provides for a two year statutory limitations period. *See* 29 U.S.C. § 255(a). However, claims under the FLSA may be governed by a three year statutory limitations period where the statutory violation was "willful." *Claeys*, 303 F. Supp. 2d at 893. The statutory provision setting forth the statutory limitations period states, in relevant part:

> Any action ... to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255(a). Thus, if there is no willful violation of the FLSA, the appropriate statutory limitations period is two years. *Id.*

"Under federal law, to establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA." *Claeys*, 303 F. Supp. 2d at 893. The Sixth Circuit has held that a violation is "willful" where "undisputed evidence showed that the employer had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA." *See Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) (internal citations omitted) (finding a willful violation of the FLSA, and thus, a three year limitations period, where the defendant had been "investigated for violations twice in the past, paid unpaid overtime wages, received explanations of what was required to comply with the [FLSA], and assured the [Department of Labor] that he would comply in the future.").

Here, the record does not present evidence that Defendant was investigated for any violations under the FLSA or OWA. Nor does the record establish any evidence indicating that Defendant paid unpaid overtime wages or that it required compliance to do so. On the contrary, the record reflects Defendant's consistent efforts to treat Plaintiff Thompson and the other Plaintiffs as independent contractors in compliance with all applicable laws. Ex. D (Lutey Dep. 15:11-21); Ex. E (Whitman Dep. 75:24-6; 96:2-19); Ex. F (Hammel Dep. 16:20-17:6, 74:20-75:18).

Because there is insufficient record evidence to support willful conduct on behalf of Defendant, the two year statutory limitation period must apply. Therefore, Defendant asserts its analysis as set forth in Section A. Plaintiff Thompson's claim under the FLSA is clearly time-barred, as is his OWA claim, and therefore his FLSA claim fails as a matter of law.

**D. The Common Law Claims Set Forth by Plaintiff Should Not Move Forward Because the Underlying Statutory and Common Law Claims Fail as a Matter of Law.**

In order prove a claim of unjust enrichment under Ohio law, Plaintiff Thompson must show: (1) a benefit conferred by Plaintiff Thompson upon U.S. Cargo; (2) U.S. Cargo had knowledge of the benefit; and (3) U.S. Cargo retained the benefit "under circumstances where it would be unjust to do so without payment ('unjust enrichment')" *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (citation omitted). "Because unjust enrichment is a quasi-contractual remedy … a plaintiff cannot recover for unjust enrichment when an express contract governs the subject matter of the litigation." *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 487 (6th Cir. 2014) (citing *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir.2009); *HAD Enters. v. Galloway*, 948 N.E.2d 473, 478 (Ohio Ct. App. 2011)).

In the Third Amended Complaint, Plaintiff Thompson alleges that U.S. Cargo was unjustly enriched by "subjecting [Plaintiff Thompson] to deductions, charges, and/or expenses that are typically borne by employers." Doc. 98, ¶ 92. The only evidence in the record relating to this claim are three contacts between U.S. Cargo and Thompson: (1) the Independent Contractor Agreement; (2) OH/PA Equipment and Service Agreement Between Owner and Carrier; and (3) the Independent Contractor Scanner/Software Authorization Form. *See* Exs. C, H, I. Plaintiff Thompson has proffered no additional evidence to support his claim. *See* Ex. J (Thompson Answer to Request for Production of Documents No. 1). As is well settled, a plaintiff must provide "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Liberty Lobby*, 457 U.S. at 587.

These contracts explicitly governed any deductions in U.S. Cargo's payments to Plaintiff Thompson for services rendered. As both the Sixth Circuit and Ohio appellate courts have held, a plaintiff cannot recover for unjust enrichment where the subject matter is governed by an express

- 9 -

agreement between the parties. *McCarthy,* 763 F.3d at 487; *HAD Enters.*, 948 N.E.2d at 478. Plaintiff Thompson has failed to offer any evidence that U.S. Cargo has incurred a benefit that is not provided for in these contracts, and accordingly, his unjust enrichment claim fails as a matter of law.

Plaintiff Thompson's constructive trust claim is entirely dependent on his unjust enrichment claim. Under Ohio law, a constructive trust is an equitable remedy that may be imposed where a party has acquired property by fraud or unjust enrichment. *Ferguson v. Owens*, 459 N.E.2d 1293, 1295–96 (Ohio 1984). The Ohio Courts of Appeals have consistently held that a plaintiff cannot maintain a constructive trust claim where the underlying unjust enrichment claim fails. *See, e.g., Camp St. Mary's Assn. of W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes*, 889 N.E.2d 1066, 1076 (Ohio Ct. App. 2008) (holding that a constructive trust remedy "is wholly dependent on whether a finding of fraud or unjust enrichment is made"); *Poston on behalf of Poston v. Shelby-Love*, 95 N.E.3d 659, 663–64 (Ohio Ct. App. 2017) (dismissing a plaintiff's constructive trust claim where no evidence of fraud or unjust enrichment was found). Plaintiff Thompson has not alleged that U.S. Cargo engaged in any fraudulent conduct. Since Plaintiff Thompson's unjust enrichment claim fails as a matter of law, his constructive trust claim similarly fails.

V.  **CONCLUSION**

Accordingly, the record supports entry of summary judgment in favor of Defendant and against Plaintiff Thompson as to all claims in the Third Amended Complaint. Plaintiff Thompson should be dismissed from this action, with prejudice.

Dated: February 22, 2019                    Respectfully submitted,

<u>/s/ Chalyn M. Kaufman</u>
Chalyn M. Kaufman (*pro hac vice*)
James F. Glunt (*pro hac vice*)
Christopher S. Bouriat (*pro hac vice*)
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3179/4121/4119
ckaufman@reedsmith.com
jglunt@reedsmith.com
cbouriat@reedsmith.com

Jeffrey N. Lindemann (0053073)
FROST BROWN TODD LLC
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
Telephone: (614) 464-1211
jlindemann@fbtlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

                                          */s/ Chalyn M. Kaufman*
                                          Chalyn M. Kaufman (*pro hac vice*)