UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID HALL, *et al.*,

    **Plaintiffs**,

v.

**U.S. CARGO & COURIER SERVICE, LLC,**

    **Defendant.**

Case No. 2:16-cv-330
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION & ORDER

This matter is before the Court on Plaintiffs David Hall, Nick Thompson, and Dustin Bryan's (collectively "Plaintiffs") *Motion to Strike* (ECF No. 126), Defendant U.S. Cargo & Courier Service, LLC's ("U.S. Cargo") *Response in Opposition* (ECF Nos. 130, 131), and Plaintiffs' *Reply* (ECF No. 132). For the reasons stated below, the Court **GRANTS in PART** and **DENIES in PART** Plaintiffs' *Motion to Strike*. (ECF No. 126.)

**I.**

On January 16 and 17, 2019, Plaintiffs' counsel deposed David Hammel ("Hammel"), Jeremy Lutey ("Lutey"), and Serena Whitman ("Whitman"). (*See* Def.'s Mot. to Strike, Exs. A, B, C [ECF Nos. 126-2, 126-3, 126-4].) On February 28, 2019, the court reporting service granted U.S. Cargo a 30-day extension to submit errata sheets. On March 8, 2019, U.S. Cargo timely submitted notarized errata sheets for the deposition transcripts of Hammel, Lutey, and Whitman.

On behalf of Hammel, U.S. Cargo sought to correct ten alleged errors. U.S. Cargo designated eight of those corrections as "clarification of testimony" and two as "inaccurate testimony." (*See* Mot. to Strike, Ex. A [ECF No. 125-2].) U.S. Cargo requested to correct four alleged errors in Lutey's deposition transcript. U.S. Cargo designated three corrections as

"clarification of testimony" and one as "inaccurate testimony." (*See* Mot. to Strike, Ex. B [ECF No. 125-3].) For Whitman's deposition transcript, U.S. Cargo requested to correct 58 alleged errors. (*See* Mot. to Strike, Ex. B [ECF No. 125-4].) U.S. Cargo asserts that 44 of those changes were for "clarification of testimony," ten were to "correct typographical errors," and four were due to "inaccurate testimony." *Id.*

On March 19, 2019, Plaintiffs filed a motion to strike and attached the errata submitted by U.S. Cargo. (*See* Mot. to Strike [ECF No. 125].) The next day, Plaintiffs filed the identical motion to strike but attached as exhibits three summaries of each deponent's errata. (*See* Mot. to Strike [ECF No. 126].) The Clerk then restricted Plaintiffs' first motion to strike, noting that counsel refiled the same motion twice. For practical purposes, the Court will address the motion to strike that Plaintiffs filed on March 20, 2019, because that motion is substantively identical to Plaintiffs' first motion. The Court will only address the errata sheets attached to the first motion, however, because those are the actual sworn documents that U.S. Cargo submitted on behalf of the deponents.

## II.

Federal Rule of Civil Procedure 30(e) outlines the process by which a deponent may alter her testimony:

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> > (A) to review the transcript or recording; and
> >
> > (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

2

Fed. R. Civ. P. 30(e). District courts in the Sixth Circuit interpret this Rule restrictively. Although Rule 30(e) refers to changes in "substance," courts in the Sixth Circuit have interpreted the Rule to prohibit substantive changes and permit only the correction of typographic and transcription errors. *See, e.g., McClendon v. Hightowers Petroleum Co.*, No. 1:14-cv-619, 2016 WL 2859625, at *1–2 (S.D. Ohio May 16, 2016); *Mullins v. Cyranek*, No. 1:12-cv-384, 2014 WL 3573498, at *2 (S.D. Ohio July 21, 2014); *Tchankpa v. Ascena Retail Grp., Inc.*, 2:16-cv-895, 2018 WL 1472527, at *1–2 (S.D. Ohio Mar. 26, 2018).

This restrictive approach stems from the Sixth Circuit's decision in *Trout v. FirstEnergy Corp.*, 339 Fed. Appx. 560, 565 (6th Cir. 2009). Addressing the scope of Rule 30(e), the Sixth Circuit explained, as follows:

> FirstEnergy responds that Trout is not entitled to benefit from her corrected deposition testimony because her counsel did not rehabilitate her statements during the deposition. As FirstEnergy points out, "Rule 30(e) does not allow one to alter what was said under oath." *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008). "If that were the case, one could merely answer the questions with no thought at all … , then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Id.* (citation omitted).

*Trout*, 339 Fed. Appx. at 565. Most courts in the circuit have interpreted *Trout* as establishing the rule that an errata sheet may not be used to make substantive changes to testimony. *See Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, No. 1:12-cv-205, 2016 WL 4132294, at *2–3 (W.D. Ky. Aug. 3, 2016) (collecting cases).

The undersigned interprets Rule 30(e) to prohibit substantive changes to deposition testimony. *See, e.g., McClendon*, 2016 WL 2859625, at *1–2; *Mullins*, 2014 WL 3573498, at *2; *Ramirez*, 2016 WL 4132294, at *2–3. A deponent may only use Rule 30(e) to correct typographic and transcription errors. *Trout*, 339 Fed. Appx. at 565.

## III.

U.S. Cargo contends that, although the errata's requested corrections are substantive, they do not materially alter the deponents' testimony. According to U.S. Cargo, the errata are proper because the deponents "sought to minimally clarify their testimony after reading the transcript to ensure there was no confusion at trial regarding their deposition testimony." (Def.'s Resp. at 7.) In contrast, Plaintiffs assert that U.S. Cargo's errata "primarily consists of an attempt to alter the testimony of its key witnesses." (Pls.' Mot. to Strike at 3.) The Court agrees.

U.S. Cargo requested 73 corrections and labeled nine of those as "typographical errors." Of the 64 other errata, 21 seek to change the term "routes" to "route territories." Eight other requested corrections simply insert "independent contractor" into the testimony. Additionally, in 33 other submissions, U.S. Cargo requested to correct the transcript by inserting or removing words from the deponents' testimony.

Upon reviewing each of U.S. Cargo's requested corrections, the Court concludes that all requests U.S. Cargo designated as "clarification of testimony" and "inaccurate testimony" are substantive changes and are therefore prohibited by the law of this circuit. Accordingly, the Court **STRIKES** those submitted corrections that U.S. Cargo designated as "clarification of testimony" and "inaccurate testimony."

## IV.

In conclusion, the Court **GRANTS in PART** and **DENIES in PART** Plaintiffs' *Motion to Strike*. (ECF No. 126.)

**IT IS SO ORDERED.**

6-17-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4