UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID HALL, *et al.*,

    **Plaintiffs,**

v.

U.S. CARGO AND COURIER
SERVICE, LLC,

    **Defendant.**

Case No. 2:16-cv-330
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION & ORDER

This matter is before the Court on Defendant U.S. Cargo's *Bill of Costs* (ECF No. 193), which seeks an award for taxable costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Plaintiffs David Hall, Dustin Bryan, and Nicholas Thompson (collectively "Plaintiffs") filed a *Response* (ECF No. 195), asserting that U.S. Cargo is not entitled to any award and, in the alternative, that the Court should reduce significantly any awarded costs. For the reasons that follow, the Court **DENIES** U.S. Cargo's *Bill of Costs*. (ECF No. 193.)

I.

On April 16, 2016, Plaintiffs initiated this action against U.S. Cargo, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA") and Ohio Wage Act ("OWA"). This Court held a four-day jury trial beginning on August 12, 2019, to determine whether Plaintiffs were independent contractors or employees of U.S. Cargo. The FLSA and OWA only applies to employees. So, when the jury ultimately determined that Plaintiffs were independent contractors, U.S. Cargo prevailed. The Court thus dismissed Plaintiffs' claims. U.S. Cargo then timely filed a Bill of Costs seeking to recover taxable costs from Plaintiffs.

## II.

Under Federal Rule of Civil Procedure 54(d), prevailing parties may recover certain, allowable, reasonable, and necessary costs. The types of costs allowed are listed 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees for disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." F. R. Civ. P. 56(d). This language "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 787 F.2d 728, 730 (6th Cir. 1986). In exercising that discretion, a court should look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson Cnty. Pub. School Sys.*, 360 F.3d 583, 591 (6th Cir. 2004).

An unsuccessful party has the burden of showing circumstances to overcome the presumption that favors the award of permissible costs to the prevailing party. *White & White*, 787

2

F.2d at 732; *see also* 10 Wright, Miller, Kane, *Federal Practice and Procedure*: Civil 3d § 2679 (1998). Given this burden, "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

## III.

U.S. Cargo petitions this Court for an award of $24,684.08 for costs, consisting of: (1) $1,125.00 for Clerk's Fees; (2) $15,130.62 for printed and electronically recorded deposition transcripts; (3) $1,534.55 for real-time drafts of the trial transcript; (4) $2,122.26 for witness expenses; (5) $1,768.56 for printing, copying, and exemplifying costs; and (6) $3,003.09 for legal research fees. Plaintiffs assert U.S. Cargo is not entitled to any award, and, even if it is entitled to an award, contend the Court should reduce it to $14,208.84.

Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, but also allows the denial of costs at the discretion of the district court. *See, e.g., Knology, Inc. v. Insight Comm. Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006); *White & White, Inc.*, 786 F.2d at 730. The Sixth Circuit has identified "'several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.'" *Knology*, 460 F.3d at 726–27 (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). At the same time, district courts are not to consider the size of the recovery by the successful party or whether the prevailing party is able to pay its own costs. *White & White*, 786 F.2d at 730–31. Still, "[a] district court's denial of costs is a proper exercise of discretion when the case is 'close and difficult.'" *McHugh v. Olympia Entertainment, Inc.*, 37 F. App'x 730, 743 (6th Cir. 2002) (citing *White & White, Inc.*, 786 F.2d at 730).

3

Plaintiffs argue that the Court should disallow the award of costs to U.S. Cargo because, among other reasons, this case was "close and difficult." To support their position, Plaintiffs point out that U.S. Cargo never moved for summary judgment on the issue that the jury ultimately decided. But the Sixth Circuit has explicitly prohibited district courts from applying the summary judgment standard to the "close and difficult" inquiry. *See Hunter v. General Motors Corp.*, 161 F. App'x 502, 504 (6th Cir. 2005). So, the fact that U.S. Cargo—and indeed neither party—moved for summary judgment on the ultimate issue at trial cannot be determinative of the "close and difficult" issue. It can, however, be illustrative.

The "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732–33. Further, a case need not involve a lengthy or complex trial to be deemed "close and difficult." *See Knology*, 460 F.3d at 728 (upholding denial of costs in a "close and difficult" case decided on summary judgment).

The Court finds that this case was brought in good faith and was "close and difficult," and therefore the parties should bear their own costs. The jury was charged with deciding whether the Plaintiffs were employees or independent contractors. The jury instructions included the following seven-factor test:

> 1. ***Permanency of the relationship***. Typically, independent contractors have an impermanent, non-exclusive working relationship with a company under a fixed period agreed upon in a contract. Employees usually work for only one employer and such relationship is continuous and indefinite in duration.
>
> 2. ***Degree of skill required for services***. The worker's skillset must be evaluated with reference to the tasks being performed. Typically, independent contractors are able to increase their profit because of their initiative, judgment, or foresight; whereas the work of employees is more like piecework.

4

3. ***Investment in equipment***. Typically, independent contractors provide the tools, equipment, supplies necessary to do the job, and risk capital and capital investments, while employees do not. You should consider how the worker's investment in equipment compares to the company's total investment, and further, whether the worker's investment demonstrates economic independence.

4. ***Opportunity for profit or loss***. Typically, independent contractors have opportunity for profit or loss based on their management and technical skills. Employees, on the other hand, are dependent on their employer to make an income regardless of the skill they exercised.

5. ***Degree of control over work performed***. Typically, independent contractors have control over the details, means, and manner for completing their assignments. Employers, on the other hand, exercise or retain the right to control the manner of their employees' performance.

6. ***Role in the business***. You should consider whether the services provided by the worker are integral to the business of the company. Services that are not integral are typically indicative of independent contractors, whereas services that are integral are indicative of employees.

7. ***Totality of the circumstances***. You may and should look to other evidence in the record to determine whether the totality of the circumstances establishes whether the Plaintiffs were independent contractors of U.S. Cargo, or instead were employees of U.S. Cargo. The intent of the parties is always important, but whether the parties signed a contract is but one factor to consider and is not dispositive of the issue. Further, the description the parties themselves give to their relationship is not controlling; the workers' economic reality governs over form.

In the Court's view, the facts presented could have supported a verdict for either side. It is not unlikely that the fact that the Plaintiffs bore the burden of proof resulted in a jury verdict for U.S. Cargo. Further, the Court observes that shifting significant costs to Plaintiffs, who are truck drivers, would discourage future FLSA actions.

Other factors support the parties bearing their own costs. First, both parties brought this case in good faith. Second, some of U.S. Cargo's costs were unnecessary or unreasonable. For example, U.S. Cargo's request for admission fees are not supported by law. *See Vistein v. Am. Registry of Radiologic Tech.*, No. 1:05-cv-2441, 2010 WL 918081, at *5 (N.D. Ohio Mar. 10, 2010) (collecting cases) ("Neither Rule 54 nor Section 1920 specifically authorize pro hac vice

5

admission fees as taxable cost, and this Court is persuaded by those courts that have found such fees unrecoverable under Section 1920.").

Additionally, a large portion of U.S. Cargo's costs for deposition transcripts included non-taxable charges for shipping, processing, hyperlinking, expediting, and multiple copies. (*See* Def.'s Bill of Costs, Ex. D.) These costs are not taxable. *See Aubin Indus., Inc. v. Smith*, No. 1:04-cv-681, 2009 WL 167845, at *6 (S.D. Ohio June 15, 2009) (citations omitted) (postage is non-taxable); *see also United States v. MPM Fin. Group, Inc.*, No. Civ.A. 04-20, 2005 WL 3021944, at *3 (E.D. Ky. Oct. 3, 2005) (extra copies are non-taxable). In all, the Court found that U.S. Cargo has requested $3,797.67 for unnecessary and unreasonable costs related to deposition transcripts.[1]

Finally, U.S. Cargo sought to tax Plaintiffs for legal research costs. But courts in the Sixth Circuit have found that these costs are not taxable in this context. *See Howe v. City of Akron*, No. 5:06-cv-2779, 2016 WL 916701, at *20 (N.D. Ohio Mar. 10, 2016) (citing *Vistein*, 2016 WL 916701, at *5–6) ("Online legal research fees are not listed in Section 1920, and are, therefore, not recoverable under Rule 54(d)."); *see also Texler v. Cnty Summit Bd. of Mental Retardation*, 25 F.3d 1050 (6th Cir. 1994) (finding district court did not abuse its discretion by denying research fees as taxable under Section 1920).

In conclusion, the Court finds that the parties should bear their own costs because this case was "close and difficult," the parties litigated in good faith, and some of the requested costs were unreasonable or unnecessary.

---

[1] The Court calculated this reduction by subtracting the following: $167.50 for shipping and hyperlinking the 11/30/16 deposition; $134.60 for hyperlinking and shipping the 6/7/17 deposition; $1,478.01 for expediting (calculated by multiplying 269 by $5.29 to adjust the price per page from $8.64 for two-day delivery to $3.35) and processing the 1/22/19 deposition; $1,160.61 for expediting (same, multiplied by 209) and processing the 1/23/19 deposition; $163.45 for shipping and a rough transcript of the 1/31/19 (Lutey) deposition; and $693.50 for shipping and a rough transcript of the 2/13/19 (Hammel/Whitman) deposition.

6

## IV.

For the reasons stated above, the Court **DENIES** U.S. Cargo's *Bill of Costs* (ECF No. 193).

**IT IS SO ORDERED.**

\_\_\_11-13-2019\_\_\_  
**DATE**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**